UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESLEY A. HUNTSINGER, et al.,

    Plaintiffs,

v.                    CASE NO: 8:09-cv-1798-T-33MAP

ROADWAY SPECIALTY DEVICES,
INC.,
    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Submit Settlement Agreements to the Court for In Camera Review (the "Motion" Doc. # 5), which was filed on October 30, 2009. For the reasons that follow, the Court will deny the Motion.

**Analysis**

In this case, Plaintiffs allege that Defendant violated the terms of the Fair Labor Standards Act. Accordingly, any settlement reached is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties in this case have reached a settlement and request an Order allowing them to file the settlement documents in camera in an effort to protect the documents from public review: "The parties have carefully negotiated a settlement in this action in which the

confidentiality of the Parties' agreement is an integral provision of the overall settlement (and, thus, disclosure of the agreement to the public would deny [Defendant] the benefit of its bargain)." (Doc. # 5 at 2).

Upon review of the Motion and of the entire file, the Court determines that the parties have not demonstrated good cause to support the relief requested. As explained by the Eleventh Circuit in <u>Brown v. Advantage Eng'g, Inc.</u>, 960 F.2d 1013, 1016 (11th Cir. 1992), "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case." American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." <u>Nixon v. Warner Comms., Inc.</u>, 435 U.S. 589, 597 (1978).

The Eleventh Circuit has noted, "The operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." <u>Romero v. Drummond Co.</u>, 480 F.3d 1234, 1245 (11th Cir. 2007)(internal citations omitted). The court further explained, "This right of access includes the right to inspect and copy public records and documents. This right of access

is not absolute, however. The right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause." Id.

The First Amendment to the United States Constitution also provides a qualified right of access to trial proceedings, although this right "has a more limited application in the civil context than it does in the criminal [context]." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). Where this constitutional right of access applies, any denial of access requires a showing that it is necessitated by a compelling governmental interest and is narrowly tailored to serve that interest." Id.

The document at issue in the Motion -- a settlement agreement in a FLSA case -- does not fall into one of the categories, such as discovery materials, that are generally shielded from public exposure. The parties' only argument in favor of denying the public access is that the terms of the settlement require it. There is no suggestion, much less a showing, that either party could suffer any harm if the public were to have access to the terms of the settlement. This is simply not a case where it is necessary or appropriate to file the settlement documents in camera, and the parties have not

shown good cause to override the common law and First Amendment rights of the public to review court documents.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) The parties' Joint Motion to Submit Settlement Agreements to the Court for In Camera Review (Doc. # 5) is **DENIED**.

(2) The parties are directed to file the Settlement Agreements for the Court's review within five days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of November, 2009.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

4