```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION

WESLEY A. HUNTSINGER,

        Plaintiff,

v.                              Case No. 8:09-cv-1798-T-33MAP

ROADWAY SPECIALTY DEVICES,
INC.,

        Defendant.
_____/
```

## ORDER

This matter is before the Court pursuant to Plaintiff's Compliance Notice in Support of the Amount of Attorney's Fees and Costs (the "Fee Motion" Doc. # 10), filed by Plaintiff on November 19, 2009.

### Analysis

On July 15, 2009, Plaintiff initiated this FLSA case against Defendant in state court. (Doc. # 2)  Defendant timely removed the case to this Court on September 2, 2009. (Doc. # 1).  Defendant filed an answer and affirmative defenses on September 2, 2009. (Doc. # 3).  On October 7, 2009, the Court entered its FLSA Scheduling Order. (Doc. # 4).  The parties reached a settlement before engaging in any substantive motion practice or other significant case activity.

On October 30, 2009, the parties filed a joint motion to submit the settlement agreement to the Court for *in camera* review (Doc. # 5) and a joint motion to approve the settlement and dismiss the case (Doc. # 6). On November 3, 2009, the Court denied the motion to submit the settlement agreement for *in camera* review. (Doc # 7). The Court directed the parties to file the settlement agreement, as well as an itemized statement reflecting the time and resources allocated to the case in support of the attorney's fees requested. (Doc. ## 7, 9).

On November 10, 2009, the parties filed the settlement agreement wherein they revealed that Plaintiff will receive a total recovery of $5,590 and Plaintiff's counsel will receive $4,410. (Doc. # 8). The fees requested by Plaintiff's counsel are based on counsel's proposed hourly rate of $350. Based on review of the record, the fees requested are excessive.

As directed by the Eleventh Circuit in <u>Silva v. Miller</u>, 307 F. App'x 349 (11th Cir. 2009), this Court is duty-bound to scrutinize the attorney's fees requested in FLSA cases. In <u>Silva</u>, the Eleventh Circuit opined:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA

>provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 352.

Here, the Court finds it appropriate to approve the costs sought of $455, but to reduce the attorney's fees requested by 30%. This Court is afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer County, 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. Id. If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience

concerning reasonable and proper fees." <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).

The parties reached a settlement before they were required to comply with the substantive terms of the Court's FLSA Scheduling Order. Plaintiff's attorney was not required to participate in any hearings, draft any dispositive motions, or participate in any discovery.

In determining that an across-the-board fee reduction of 30% is warranted, the Court has give great consideration to the following well-known factors: the time and labor required, the novelty and difficulty of the questions, the preclusion of other employment by the attorney due to the acceptance of the case, and the amount involved and the results obtained.[1]

This case was neither complex nor labor-intensive. Single Plaintiff, single Defendant FLSA overtime cases generally require little time in Court (in the present case, no Court time was required), and it is a rare FLSA case that presents novel or difficult questions for the Court or counsel.

---

[1] The Court recognizes that the present Order does not address each and every one of the factors set forth in <u>Johnson v. Ga. Highway Exp. Inc.</u>, 488 F.2d 714, 719 (5th Cir. 1974) and <u>Norman</u> in detail. Nevertheless, the Court has given due consideration to each factor in reaching the decision to reduce Plaintiff's counsel's fees.

Concerning the issue of preclusion of other employment, the Court notes that this case was pending for less than six months, and consumed only 16 hours of attorney time. It can hardly be said that acceptance of the present case precluded Plaintiff's counsel from accepting other cases. Finally, the amount obtained for Plaintiff was not substantial.

Upon due consideration, and for the reasons specified above, the Court applies an across-the board reduction of 30% to the requested fee of $4,410, for an adjusted award of $3,087.[2] Plaintiff's attorney is entitled to $455 in costs.[3]

Accordingly, it is

**ORDERED ADJUDGED** and **DECREED** that**:**

(1)   The Fee Motion (Doc. # 10) is **GRANTED** as specified above**.**

---

[2] See St. Fleur v. City of Ft. Lauderdale, 149 F. App'x 849, 853 (11th Cir. 2005)(per curiam)(approving a 30% across-the-board reduction of requested attorney's fees).

[3] The Court declines to hold an evidentiary hearing on the issue of Plaintiff's attorney's fees, as requested in the Fee Motion. (Doc. # 10 at 2).  As stated above, the Court itself is an expert on attorney's fees, and expert testimony is not needed to aid the Court in determining the appropriate fee in this simple FLSA case.  Furthermore, the Court determines that an evidentiary hearing on the issue of attorney's fees would constitute a waste of scarce judicial resources.

(2)   The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of December 2009.

                                            VIRGINIA M. HERNANDEZ COVINGTON
                                                UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record